IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC D. NIELSEN<br>1437 Schirra Drive<br>Ambler, PA 19002<br><br>v.<br><br>KRISTI NOEM, *in her official capacity*<br>*as Secretary of Homeland Security*,<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, DC 20528 | )<br>)<br>)<br>)<br>)  CASE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(Judicial Review of Final Decision of the Department of Homeland Security Board for Correction of Military Records of the Coast Guard)**

**I. INTRODUCTION**

This action seeks judicial review of a final agency decision by Department of Homeland Security Board for Correction of Military Records of the Coast Guard ("BCMR" or "Board"). Plaintiff is an active-duty Lieutenant Commander in the United States Coast Guard with an exemplary performance record. In March 2025, the BCMR determined that Plaintiff's record contained an erroneous officer evaluation report (OER) that was in the record considered by three Commander promotion selection boards in 2022, 2023 and 2024 that did not select him for promotion. The BCMR ordered correction to Plaintiff's OER record by removing the erroneous OER and determined that the error was material enough to necessitate ordering a Special Selection Board (SSB) to retroactively consider Plaintiff for promotion to Commander. However, despite the BCMR's concession that Plaintiff's record before all three promotion selection boards contained material error, the BCMR granted only SSB consideration for 2022 and denied Plaintiff's request for SSB consideration for the 2023 and 2024 promotion selections

1

boards. For numerous reasons, the BCMR's rationale for denying SSB consideration is arbitrary, capricious, not based on substantial evidence, and is otherwise contrary to law.

## II.  JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Plaintiff raises claims under federal statutes, federal regulations and Department of the Homeland Security regulations.

2. The Act of Congress upon which federal question jurisdiction rests is 14 U.S.C. § 2120(g)(1)(A), which provides that "[a] court of the United States may review . . . a decision of the Secretary not to convene a special selection board under this section to determine if the court finds that the decision of the Secretary was arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law."

3. Federal question jurisdiction further rests on 10 U.S.C. § 1552 which authorizes the Secretary of Homeland Security, acting through the BCMR, to convene special selection boards under 14 U.S.C. § 2120.

4. This Court has personal jurisdiction over the parties pursuant to 14 U.S.C. § 2120.

5. Venue in this Court is proper under 14 U.S.C. § 2120 and 28 U.S.C. § 1391 *et seq*.

## III. THE PARTIES

6. Plaintiff, Eric D. Nielsen, is a United States citizen and an active-duty officer in the United States Coast Guard. He resides at the address provided in the caption above.

7. Defendant, Krisi Noem, is the Secretary of the U.S. Department of Homeland Security. She is the head of the Department of Homeland Security under which the U.S. Coast Guard operates. Her official residence is address provided in the caption above. The BCMR acts on behalf of the Secretary of Homeland Security.

## IV. STATUTE OF LIMITATIONS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On March 11, 2025, the BCMR panel members approved and signed its Final Decision in **Docket Number 2024-054**, ordering the replacement of the contested OER in Plaintiff's record with a continuity OER, directing that the Coast Guard convene one SSB for reconsideration of Plaintiff's non-selection by the 2022 Commander promotion selection board, but deciding not to convene SSBs to consider Plaintiff for promotion in the 2023 and 2024 promotion years.

9. Because Plaintiff's claim for SSB consideration for the 2023 and 2024 Commander promotion selections boards was rejected by the Secretary without SSB consideration, Plaintiff has exhausted his administrative remedies, and this matter is ripe for judicial review. *See* 14 U.S.C. §§ 2120(f)(2), (g)(1)(A).

10. Pursuant to 28 U.S.C. § 2401(a), Plaintiff's claims must be made within six years of accrual.

11. Plaintiff's claims accrued on March 11, 2025 when the BCMR approved and signed their Final Decision.

12. Plaintiff's claims are timely before this Court.

## V. FACTS

13. Plaintiff is an active-duty Lieutenant Commander (LCDR/O-4) and a 2007 graduate of the U.S. Coast Guard Academy. Over the approximately 18 years he has served, he has amassed an excellent service record with numerous awards.

14. In January 2021, Plaintiff was assigned to the Coast Guard's Office of Marine Environmental Response Policy (CG-MER) with primary duties as Chief of the Response Support and Coordination Branch.

15. CG-MER is a high-tempo office with a broad mission and, during the 2021–22 timeframe, was experiencing significant turnover and several unfilled key leadership positions.

16. The Coast Guard utilizes an Officer Evaluation System (OES) to evaluate, document and drive officer performance. The OES is governed primarily by Commandant Instruction (COMDTINST) M1000.3A, *Officer Accessions, Evaluations, and Promotions*, Chapter 5 (Jan. 2018).

17. COMDTINST M1000.3A, § 5.A.2.a requires that all officers in the grade of W-2 to O-6 receive OERs. OERs contain evaluation and input from a reported-on officer's (ROO) rating chain that is "responsible for preparing, completing, and reviewing an officer's OER."

18. More specific OES procedures for completing officer evaluation reports (OERs) are set forth in Coast Guard Personnel Service Center Instruction (PSCINST) M1611.1D, *Officer Evaluation System Procedures Manual* (Jan. 9, 2008).

19. An officer's rating chain is comprised of three members: a supervisor to "who [sic] the reported-on officer reports to on a daily or frequent basis and from who the reported-on officer receives the majority of direction and requirements"; a reporting officer (RO) who "[n]ormally is the supervisor's supervisor"; and a reviewer who "[n]ormally the reporting officer's supervisor." COMDTINST M1000.3A, § 5.O.4. In some circumstances, an officer's supervisor may act as their RO. PSCINST M1611.1D, § 1.A.3.a[4].

20. Officers receive regular OERs that "qualify for continuous chronological coverage of the reported-on officer's commissioned service." COMDTINST M1000.3A, § 5.E. Unless exempted by policy, an officer must receive a regular OER biennially, annually, or semiannually depending on a submission schedule set by policy.

21. Relevant to this case, circumstances may require that an officer on an annual OER schedule may receive a "change of the reporting officer" OER when their RO detaches or there are changes in the rating chain and more than 184 days have elapsed since the ending of their last regular OER. *Id.* § 5.E.3.a(2).

22. Indeed, 184 days is considered a sufficient amount of time by the RO to have observed the ROO. PSCINST M1611.1D, § 8.C.2.

23. Relatedly, an OER may not "[d]iscuss Reported-on Officer's performance or conduct which occurred outside the reporting period . . . ." *Id.* § 4.B.11.

24. Also relevant to this case, an officer may receive a "continuity OER" "in cases where full documentation is impractical, impossible to obtain, or does not meet OES goals." COMDTINST M1000.3A, § 5.E.9. One reason the Coast Guard may issue a continuity OER is "to implement judicial and administrative adjudications" such as corrections ordered by the BCMR. *See id.* § 5.E.9.e.

25. On January 24, 2021, Plaintiff's RO, Deputy CG-MER Mr. William Carter, left the unit. This triggered an off-cycle, Regular OER for the reporting period ending that day.

26. On January 25, 2021—the first day of Plaintiff's next reporting period—a new acting Deputy CG-MER, CDR Weston R. James, took over as Plaintiff's RO. CDR James D. Weaver was Plaintiff's Supervisor.

27. On March 11, 2021, CDR Weaver retired, and CDR James began acting as Plaintiff's Supervisor.

28. On August 2, 2021, Plaintiff was assigned his third Supervisor for the reporting period, CDR Roberto Rivera.

29. Also on August 2, 2021, the new Deputy CG-MER, Ms. Kirsten R. Trego, replaced CDR James as Plaintiff's RO.

30. When Ms. Trego replaced CDR James as Plaintiff's RO, more than 184 days had elapsed since the end of Plaintiff's previous OER. Thus, absent a valid exception to policy, Plaintiff was required to receive a Change of Reporting Officer OER for the period of January 25 through August 1, 2021.

31. A Change of Reporting Officer OER was not completed.

32. Rather, on or about June 22, 2022, Plaintiff received an annual OER covering a lengthy 15-month reporting period from January 25, 2021 to April 30, 2022.

33. On June 23, 2022, Plaintiff contacted CDR Rivera requesting the opportunity to provide him and Ms. Trego additional performance information and to request that they reconsider the OER's marks for multiple performance dimensions. He further noted that 189 days of the reporting period had elapsed before CDR Rivera had arrived at CG-MER.

34. On or about June 23, 2022, Plaintiff and CDR Rivera discussed the contents of the OER. Thereafter, CDR Rivera sought input from Plaintiff's previous supervisors regarding his performance.

35. On June 28, 2022, Plaintiff received a final version of the OER that contained a few verbiage changes, but the performance-dimension markings remained unchanged. The report was subsequently validated on June 30, 2022.

36. On July 18, 2022, Plaintiff was considered and not selected for promotion to Commander (O-5) by a Commander promotion selection board.

37. In July 2023, Plaintiff was again considered and not selected by a Commander promotion selection board.

38. On February 12, 2024, Plaintiff applied to the BCMR, requesting removal of the contested OER covering January 25, 2021 to April 30, 2022 and replacement with a continuity OER. He further requested that the BCMR direct that SSBs convene to consider his retroactive promotion to Commander for the 2022 and 2023 promotion selection board years, pursuant to 14 U.S.C. § 2120.

39. Acting through their respective BCMRs, 10 U.S.C. § 1552(a) authorizes a service secretary to "correct any military record of that department when he considers it necessary to correct an error or remove an injustice."

40. By regulation, the BCMR of the Coast Guard was established in the Office of the Secretary of Homeland Security. 33 C.F.R. § 52.2.

41. The BCMR is composed of civilian officers or employees of the Department of Homeland Security appointed by the Secretary. 33 C.F.R. § 52.11(a).

42. A three-member BCMR panel will review all applications that are properly before it to determine the existence of error or injustice, provided that the allegation of error is adequately supported by evidence. The Board has "an abiding moral sanction to determine, insofar as possible, the true nature of an alleged injustice and to take steps to grant thorough and fitting relief." *Yee v. United States*, 512 F.2d 1383, 1387–88 (Ct. Cl. 1975) (citations omitted).

43. If an officer was considered for selection by a promotion selection board and not selected, the Secretary:

> may convene a special selection board to determine whether the officer or former officer should be recommended for promotion, if the Secretary determines that—
>
> (A) an action of the selection board that considered the officer or former officer—
>
>> (i) was contrary to law in a matter material to the decision of the board; or
>>
>> (ii) involved material error of fact or material administrative error; or

>(B) the selection board that considered the officer or former officer did not have before it for consideration material information.

14 U.S.C. § 2120(b)(1) (redesignated from 14 U.S.C. § 263 in 2018).

44.Specific SSB procedures are contained in COMDTINST M1000.3A, § 6.B.13.

45.COMDTINST M1000.3A states that "Challenges to the correctness of material contained in an officer's apparently complete and correct record and which was considered by a regular selection board may be appealed to the Board for the Correction of Military Records (BCMR) . . . ." *Id.* § 6.B.13.b(1).

46.Normally, a request for an SSB must be submitted within one year of the announcement of the promotion selection board. *Id.* § 6.B.13.c(5). However, if the request is outside of one year, the regulation permits the officer or former officer to "pursue relief through the CG BCMR." *Id.*

47.COMDTINST M1000.3A further provides that "SSBs shall not be convened [if] . . . The convening authority determines that the error in the officer's record was immaterial or could have been discovered and corrected prior to board convening." *Id.* § 6.B.13.f(5). Further, "[i]t is the officer's responsibility to review his or her record before the board convenes and take reasonable steps to correct any errors or notify the board, in writing, of possible administrative deficiencies." *Id.* § 6.B.13.f(5)(a).

48.Among other arguments, Plaintiff asserted that his rating chain had violated COMDTINST M1000.3A and PSCINST M1611.1D by failing to complete a Change of Reporting Officer OER on August 1, 2021 when CDR James departed as his RO after more than 184 days of supervision and was replaced by Ms. Trego. He argued that, according to regulation, he would have received two distinct OERs: one covering January 25, 2021 through August 1,

2012 and another coving the rating period from August 2, 2012 through April 30, 2022 rather than a single OER covering a 15-month period in which he served under two different rating chains.

49. Plaintiff argued that, because of the failure to issue a Change of Reporting Officer OER, the contested OER impermissibly included remarks on performance or conduct that occurred outside the August 2, 2021–April 30, 2022 reporting period. *See* PSCINST M1611.1D, § 4.B.11. He quoted specific comments in the OER that he argued referenced performance outside the correct reporting period.

50. Plaintiff asserted that the contested OER caused his failures of selection by the 2022 and 2023 Commander promotion selection boards.

51. The BCMR received Plaintiff's application on February 14, 2024. On May 20, 2024, Plaintiff received a letter notifying him that the BCMR had docketed the case as Docket Number 2024-054.

52. In July 2024, while his application was pending action by the BCMR, Plaintiff was considered and not selected for promotion by the 2024 Commander promotion selection board.

53. The 2024 Commander promotion selection board was the third selection board that had considered Plaintiff for advancement with the erroneous OER in his record.

54. On September 19, 2024, Plaintiff a Freedom of Information Act (FOIA) requesting "Kirsten R. Trego's entry on duty date, as annotated in the USCG's official Human Resource Database (e.g., FedHR), into USCG Position Number 00021247 – GS-15, Deputy Office Chief of Coast Guard Office of Marine Environmental Response Policy (CG-MER)." Plaintiff intended to use the information as evidence for his rebuttal to certain assertions in the advisory opinion

9

material. Although the FOIA request was expedited by DHS under 6 C.F.R. § 5.5(e)(1)(iii), it remains pending as of the date of this filing.

55. On September 28, 2024, after receiving notice that he had been passed over for promotion, Plaintiff notified the BCMR that he had failed selection for promotion and amended his requested relief to seek SSB consideration to consider his retroactive promotion to Commander for the 2022, 2023 and 2024 promotion selection board years.

56. On December 9, 2024, the BCMR sent Plaintiff an advisory opinion from the office of the Commandant of the Coast Guard. The advisory opinion recommended denial of Plaintiff's request, arguing that Plaintiff had failed to satisfy the factors necessary for removal of the OER as articulated in *Hary v. United States*, 618 F.2d 704 (Ct. Cl. 1981). The *Hary* court observed that, to rebut the presumption of regularity that attaches to an OER, a plaintiff must demonstrate (1) a misstatement of a significant hard fact, (2) clear violation of specific objective requirement of statute or regulation, or (3) factors adversely affecting the ratings which had no business being in the rating process. *Id.* at 708 (quotation omitted).

57. The advisory opinion claimed that Plaintiff had failed to prove (a) there were misstatements of hard fact in the contested OER and (b) there were factors adversely affecting the ratings which had no business being in the rating process.

58. The advisory opinion relied on a memorandum from the Coast Guard Personnel Service Center (CG-PSC).

59. The CG-PSC memorandum cited eight items that it characterized as memoranda of record (MORs) but provided Plaintiff with only two: declarations from CAPT Rivera (MOR B) and Ms. Trego (MOR C).

60. CAPT Rivera's declaration cited six enclosures, none of which were enclosed with the declaration when it was provided to Plaintiff.

61. Ms. Trego's declaration cited six enclosures but enclosure (3) was not provided to Plaintiff.

62. With respect to the whether Plaintiff had proven a mistake of hard fact, the advisory opinion argued that OERs for reporting periods that contained multiple Supervisors and Reporting Officers but only list "one of each" who were not necessarily in the ROO's rating chain for the entire reporting period cannot constitute misstatements of hard fact that amount correctable error.

63. The advisory opinion next argued that Plaintiff's assertion that the OER's consideration of events that occurred between January 25, 2021 and August 1, 2021 had no business being in the rating process was wrong because the OER covered that period.

64. The advisory opinion nonetheless stated that "[w]hether there should have been a separate OER to document that period is another matter entirely" and concurred with CG-PSC's assessment in Enclosure (1) that it was the Applicant's responsibility to ensure an OER was executed for a Detachment/Change of Reporting Officer in August 2021, if he felt one should have been executed in accordance with Coast Guard policy."

65. The advisory opinion elaborated that, despite the requirement for a Change of Reporting Officer OER in August 2021:

> Presumably then, the Applicant did know or should have known his responsibility to submit a Detachment/ Change of Reporting Officer OER per the regulations contained therein and acknowledges the same through counsel in his Application's brief. Yet, nowhere in his application does counsel allege an attempt on the Applicant's part to ensure the completion of the OER he argues he was erroneously denied. As a result, it cannot be considered an error by the Coast Guard. Similarly, as the Applicant bore the ultimate responsibility of ensuring timely and accurate

11

        OERs, it cannot be considered treatment by military authorities that shocks the sense of justice under [*Sawyer v. United States*, 18 Cl. Ct. 860, 868 (1989)].

66. The advisory opinion continued to assert that notwithstanding any requirement for Plaintiff's rating chain to acquaint themselves and comply with Coast Guard regulations, "[t]he Applicant knew or should have known per CG policy, it was ultimately his responsibility to submit a Change of Reporting Officer OER" and "failure to comply with OER procedures would not necessarily invalidate the OER following the one he failed to submit, and would inevitably encompass the same time period." According to the advisory opinion, "As a result, it cannot be said that inclusion of comments pertaining to the time period for the OER he failed to submit have no business in the rating process for the OER he actually did submit."

67. Plaintiff responded to the advisory opinion on February 9, 2025.

68. In relevant part, Plaintiff argued that had regulations been properly followed, he would have received two OERs: a Change of Reporting Officer OER covering January 25, 2021 through August 1, 2021 and another covering the remainder of the reporting period from August 2, 2021 through April 30, 2022.

69. Citing relevant case law, Plaintiff asserted that the Coast Guard was bound to follow its own regulations and failed to do so when his rating chain did not complete a Change of Reporting Officer OER pursuant to COMDTINST M1000.3A and PSCINST M1611.1D.

70. Plaintiff further contested the advisory opinion's attempt to lay blame for any error or injustice on his purported failure to raise the issue of a need for a Change of Reporting Officer OER when CDR James departed after 184 days.

71. Plaintiff also asserted that Coast Guard Business Intelligence system showed that Ms. Trego had entered the Deputy CG-MER position on August 26, 2021, which was 24 days later than the date she was purported to assume her role as Plaintiff's RO.

12

72. Plaintiff informed the BCMR that he had submitted a FOIA request for information on Ms. Trego's entry on duty date and asserted that "Until the FOIA request is answered, this case cannot be properly adjudicated, as this discrepancy is a critical piece of information to further justify the reasoning to support the applicant's request, and the relief requested." Plaintiff invoked the BCMR's obligation under 10 U.S.C. § 1552(a)(3)(C) to help service members and veterans obtain personnel or medical records when they encounter difficulty obtaining them.

73. The BCMR decided Plaintiff's case on February 20, 2025. The decisional document is misdated as February 20, 2024 which would have been before the BCMR even docketed the matter.

74. The BCMR ultimately found that the contested OER constituted an error and directed removal of the report, placement of a Continuity OER in his record, and convening an SSB for the 2022 Commander promotion selection board.

75. The BCMR's decision provided a summary of the record and Plaintiff's allegations and set forth its rationale in a "findings and conclusion" section.

76. Although the BCMR agreed with the advisory opinion's claim that the error was a "shared failure between shared failure between the [applicant] . . . and the rating chain to adhere to policy," it rejected the advisory opinion's denial recommendation, finding that "absent an exception to policy, the applicant was required to receive a Change in Reporting Officer OER for the period of January 25 – August 1, 2021."

77. The BCMR stated that it acknowledged Plaintiff

> had a responsibility to alert the rating chain to the need to execute an OER through August 1, 2021, his rating chain also failed to identify this requirement and either (1) execute an OER, or (2) request an exception to policy pursuant to paragraph 5.G of COMDTINST M1000.3A and provide draft OER comments as required by paragraph 1.A.3.b.8 of PSCINST M16112.1D. Simply doing nothing when the applicant's Reporting Officer changed in August 2021 was not an option. While the

13

applicant had a shared responsibility for this failure, he alone has been prejudiced as a result.

78. The BCMR continued to find that, under one of the *Hary v. United States* factors, Plaintiff had "demonstrated a clear violation of specific objective requirement of statute or regulation by the Coast Guard. The Board finds that the failure of the Coast Guard to execute a Change of Reporting Officer OER for the period of January 25 – August 1, 2021 constitutes error for which the Applicant is entitled to relief."

79. The BCMR opined that "[r]emoving the report in its entirety is appropriate to comply with Coast Guard policy."

80. Although it conceded that the erroneous OER was considered by the 2022, 2023, and 2024 Commander promotion selection boards, the BCMR declined to direct the Coast Guard to convene SSBs for the 2023 and 2024 selection boards.

81. The BCMR explained that:

> The error in the applicant's record – for which this Board is granting relief – likely could have been discovered and corrected prior to the promotion board convening. Coast Guard policy is clear that the applicant should have received an evaluation covering the period of January–August 2021. The applicant never alerted his leadership to this fact, either at the end of that rating period or when his April 2022 OER was being prepared. During the prior three years of promotion boards (2022, 2023, and 2024) the applicant does not notify the promotion board of an error in his file and instead proceeds with the promotion board, while at the same time seeking a Continuity OER from the BCMR. The applicant could have notified the Coast Guard prior to any of these three boards that the error that he openly claims to the BCMR exists but fails to do so choosing to instead sit before the promotion board with his file to include the errored OER. For this reason, the applicant now receiving a Continuity OER, which creates a substantial change in his record may receive a single SSB. However, the Board does not find it within the interest of justice to order numerous opportunities for the applicant to appear before an SSB.

82. The board continued to opine that

> the prohibition placed on convening an SSB by COMDTINST M1000.3A is clearly aimed at preventing in allowing [sic] a member to sit before an SSB for an error they knew or should have known but failed to take steps to correct. However, as

previously discussed, the applicant relied on his leadership who also contributed to this errored OER. The applicant spoke up to his rating chain to request input from his past supervisor, which should have triggered their awareness of an error and an effort to assist in correcting the error in preparation for future promotion boards. The applicant spoke up to his rating chain to request input from his past supervisor, which should have triggered their awareness of an error and an effort to assist in correcting the error in preparation for future promotion boards. Instead, the applicant's leadership, while helpful in including all comments from current and previous rating chains to complete the OER in question to aid in improving the applicants OER, did so outside of Coast Guard policy and thus created an OER in error. In short, the applicant has shown that his OER was created in error, and thus convening an SSB to review the new package of the applicant to now include the Continuity OER is appropriate to remedy the applicant's harm.

83. The 2022 SSB convened on April 29, 2025 and did not select Plaintiff for retroactive promotion. He was notified of the results on July 15, 2025.

## V. LEGAL CLAIMS

**Violation of 14 U.S.C. § 2120: Arbitrary and capricious decision not to convene a special selection board.**

84. The above paragraphs are incorporated herein by reference.

85. "A court of the United States court of the United States may review . . . a decision of the Secretary not to convene a special selection board under this section to determine if the court finds that the decision of the Secretary was arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law." 14 U.S.C. § 2120(g)(1)(A).

86. "If . . . a court makes a finding described in subparagraph (A) . . . the court shall remand the case to the Secretary and the Secretary shall provide the applicable officer or former officer consideration by a new special selection board convened under this section."

87. The BCMR, through which the Secretary acted and decided not to convene SSBs to retroactively consider Plaintiff for promotion for the 2023 and 2024 promotion years, is unlawful for multiple reasons.

15

88. *First*, the BCMR's reasoning is internally inconsistent and arbitrary. *ANR Storage Co. v. FERC*, 904 F.3d 1020, 1024 (D.C. Cir. 2018) (stating that an agency's "reasoning cannot be internally inconsistent") (citing *Sierra Club v. EPA*, 884 F.3d 1185, 1194-96 (D.C. Cir. 2018)). The BCMR concedes that the error in Plaintiff's OER required correction to his record by removing the OER and replacing it with a Continuity OER and ordering an SSB for 2022. In doing to, the BCMR did not apply the prohibition in COMDTINST M1000.3A, § 6.B.13.f(5)(a) against the Plaintiff. Yet, despite materially similar circumstances surrounding Plaintiff's non-selection for promotion in 2023 and 2024, the BCMR, citing a purported failure to notify the promotion board of then-uncorrected error in his record, inconsistently applied COMDTINST M1000.3A, § 6.B.13.f(5)(a) to deny SSB consideration for those years.

89. *Second*, it is "utterly illogical and patently unfair" for the BCMR to hold Plaintiff responsible for alerting the promotion board to OER errors that the BCMR itself has not yet found to be erroneous. *See Haselwander v. McHugh*, 774 F.3d 990, 993 (D.C. Cir. 2014). The BCMR never explained how raising an alleged, unresolved error could have affected his promotion consideration, particularly when Coast Guard PSC, in its advisory opinion, maintained that the OER was not erroneous. Denying Plaintiff two additional SSBs based on this futile "responsibility" is arbitrary and capricious. Pursuant to 14 U.S.C. § 2115, promotion boards consider "records of all officers who are eligible for consideration for promotion…" Promotion selection boards do not determine validity of the records before them. Although 14 U.S.C. § 2108 allows officers the option to send communication to promotion selection boards, it would have been futile and arguably detrimental for Plaintiff to send communication to the promotion boards that could do nothing about the error in Plaintiff's official record.

16

90. Relatedly, the BCMR did not—and could not—reasonably assert that Plaintiff was not taking reasonable steps to correct any perceived errors in his record. Law and evidence demonstrate that the BCMR was the proper entity authorized to determine whether there was an error in his record and correct it. As outlined in Plaintiff's BCMR application and response to advisory opinion, Plaintiff was properly following procedures, outlined in COMDTINST 1070.1, *Correcting Military Records* (Sept. 11, 2011) to address the error within the timelines prescribed for BCMR review.

91. *Third*, the BCMR has "a duty to determine whether there has been error or injustice and, if there has been, to grant thorough and fitting relief." *Dodson v. United States Gov't Dept. of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993). By granting SSB consideration for the 2022 selection board, the BCMR implicitly acknowledged that Plaintiff's record before the 2023 and 2024 selection boards contained material error. Its refusal to direct SSBs for 2023 and 2024 constitutes a failure to grant thorough and fitting relief and is therefore arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law. All in violation of 14 U.S.C. § 2120(g)(1)(A).

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

(A) Declare that the portion BCMR's decision to deny SSBs for the 2023 and 2024 Commander promotion selection boards was arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law;

(B) Enter judgment in favor of Plaintiff on all counts of this complaint;

(C) Remand the matter to the agency for further actions in accordance with 14 U.S.C. § 2120(g)(2);

(D)  Upon proper application, award attorney fees under the Equal Access to Justice Act; and

(E)  Award such other relief as the Court deems appropriate.

                                  Respectfully submitted,

                                  */s/Brian D. Schenk*

Brian D. Schenk
(MN #0391577)
Midwest Military & Veterans Law, PLLC
400 S. 4th Street, Suite 401-510
Minneapolis, MN 55415
Ph: (202) 557-6570
Email: brian@militaryandveteranslaw.com

Dated: September 26, 2025